IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     *

                           *

        v.                 *    Criminal No. JFM-02-0201

                           *    Civil No. JFM-07-1802

                           *

JAMES GROSS, JR.             *

                          *****

MEMORANDUM

James Gross, Jr. has filed this motion under 28 U.S.C. §2255.   The motion is entirely without merit.  The arguments made by Gross need be only briefly addressed.

      1.  <u>Ineffective Assistance of Counsel - Richard Bittner</u>.

Richard Bittner did not represent Gross, Jr., at trial.  Rather, he represented Gross, Jr.'s father instead.  Thus, Gross, Jr. has no standing to allege ineffective assistance of counsel by Bittner.

      2.  <u>Alleged Ineffective Assistance of Counsel - Allan Bussard</u>.

Gross alleges that his counsel, Allan Bussard, was also ineffective.  Bussard has submitted an affidavit in opposition to the motion in which he makes it clear that Gross provided him with no information that would have assisted in preparation of the defense.  Indeed, according to Bussard, Gross was uncooperative with him.[1]

Gross complains that Bussard failed to move for a mistrial or move to strike the testimony of a Mr. Szike, a security guard at a Stop, Shop and Save store that was robbed by Gross and two other persons.  According to Gross, Agent Klas pointed at Gross as he escorted

---

[1]It should be noted that this court appointed other counsel, David Irwin, to represent Gross during proffer sessions with the government.  These proffer sessions failed.

Szike to the stand in order to assist Szike in making an identification.[2]  In fact, the government did not seek to elicit any identification testimony from Szike because defendant was not in the store during the robbery and, as known by the government, could not be identified by Szike.  On cross-examination, Mr. Bussard asked Szike if he could identify Gross, and Szike said in response only that "his face is familiar."

Gross also contends that Bussard should have objected to the admission of various weapons.  The record reflects that Gross had no standing to contest the admission of the firearms.

3.  Alleged Ineffective Assistance of Appellate Counsel - Gary A. Ticknor.

Gross argues that his appellate counsel was ineffective in not arguing that a defendant must be charged and convicted of a predicate offense in order to be convicted of a charge under 18 U.S.C. §844(h)(1).  In fact, Ticknor did brief and argue the issue.  The Fourth Circuit ruled against Gross on the point.  *United States v. Gross*, 199 Fed. Appx. 219, 231 (4th Cir. 2006).  To the extent that Gross' argument is that Mr. Ticknor did not cite cases that Gross believes he should have, Mr. Ticknor has explained in an affidavit submitted in opposition to the present motion that the cases were not on point.

4.  Alleged Perjury of Government Witnesses.

Gross contends in his motion, as he has argued throughout these proceedings, that the numerous witnesses who testified against him committed perjury.  It was entirely within the jury's province to make credibility determinations and by convicting Gross, the jury obviously

---

[2]Further, according to Gross, the court was not present when this occurred.  The record belies this assertion.  Transcript, Feb. 4, 2003 at 34.

found that in material respects the government's witnesses were telling the truth.

    5.  <u>Alleged Outrageous Government Conduct</u>.

Nothing in the record suggests that the government was guilty of any misconduct whatsoever.[3]

A separate order denying Gross' motion is being entered herewith.

Date: August 26, 2008      \_\_\_/s/_____
                    J. Frederick Motz
                    United States District Judge

---

[3]Gross further suggests that the transcript is inaccurate and incomplete because of an alleged conspiracy in which the court reporter allegedly was involved.  This claim is entirely unsubstantiated and without merit.

3