IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-02-201 |
| | * | |
| JAMES GROSS, JR. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM AND ORDER</u>**

Now pending is James Gross Jr.'s pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 72). Gross seeks relief on the basis that his mother has become incapacitated and he is her only caretaker and that USP Victorville, where he is currently incarcerated, is taking insufficient precautions to protect him from the COVID-19 virus.

The court is not persuaded that Gross's proffered reasons for compassionate release rise to the level of "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i). Gross does not state that he has any underlying medical conditions that would increase his risk of severe illness related to COVID-19. While the court acknowledges Gross's concerns about the conditions at USP Victorville, without evidence that Gross himself is particularly vulnerable to COVID-19, the court does not find that the current conditions at the facility *alone* constitute an "extraordinary and compelling" reason for his release.

Neither is the court persuaded by Gross's contention that his family circumstances rise to the level of an extraordinary and compelling reason for release. While the court is "'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise,'" *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)), the United States Sentencing Commission's most recent policy statement defining extraordinary and compelling reasons remains "helpful guidance," *id.* at 282 n.7. According to the Commission's Policy Statement, family circumstances rise to the level of an "extraordinary

1

and compelling reason" for release where "the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver[.]" *See* U.S.S.G. § 1B1.13 cmt. n.1(C). Gross seeks to care for his mother rather than a minor child, and even if the court were to conclude that the need to care for a family member who is not a minor child rose to the level of an extraordinary and compelling reason for release, it is not apparent to the court that Gross is his mother's only available caregiver. Gross's release plan mentions that he has a sister, (*see* ECF 485-2 at 2), and his presentence report indicates he has two other adult siblings, (*see* ECF 490-1 ¶ 170), but Gross does not explain if or why his siblings are unable to care for his mother.[1]

Accordingly, Gross's motion for compassionate release (ECF 485) is DENIED.

So Ordered this  19th  day of August, 2021.

                                                    /S/  
                                                  Catherine C. Blake  
                                                 United States District Judge

---

[1] As no extraordinary and compelling reasons exist for a sentence reduction, the court need not address the 18 U.S.C. § 3553(a) factors.